**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                          Criminal No.  3:17CR120

VINCE EDWARD NICHOLAS

## MEMORANDUM OPINION

Vince Edward Nicholas, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  ("§ 2255 Motion," ECF No. 41).  The Government has filed UNITED STATES' RESPONSE TO PETITIONER'S MOTION FOR RELIEF UNDER TITLE 28, UNITED STATES CODE, SECTION 2255 (ECF No. 44), in which it argues, inter alia, that Nicholas's claims are untimely.  Nicholas has filed a reply, which he calls an "AFFIDAVIT."  (ECF No. 45.)  For the reasons set out below, the § 2255 Motion will be denied, and the action will be dismissed.[1]

## I.  PROCEDURAL HISTORY

On September 6, 2017, a grand jury indicted Nicholas for one count of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and one count of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  (See ECF No. 9, at 1-2.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.  The Court corrects the capitalization, spelling, and punctuation, and omits any emphasis or symbols in quotations from the parties' submissions.

On December 11, 2017, the Government filed a Criminal Information charging that "[o]n or about November 28, 2016, . . . VINCE EDWARD NICHOLAS, did possess a firearm in furtherance of a crime of violence . . . to wit: Hobbs Act Robbery of the Kwik Mart convenience store, located at 2328 E. Washington St., Petersburg, Virginia" (Count One), and that "[o]n or about December 11, 2016, . . . VINCE EDWARD NICHOLAS, did possess a firearm in furtherance of a crime of violence . . . to wit: Hobbs Act Robbery of the 7-Eleven convenience store, located at 3301 Oak Law Boulevard in Hopewell" (Count Two). (ECF No. 17, at 1.)

On December 12, 2017, Nicholas entered into a Plea Agreement with the Government. (ECF No. 21.) In the Plea Agreement, Nicholas agreed to plead guilty to Counts One and Two of the Criminal Information. (Id. at 1-2.) In exchange for his guilty pleas to Counts One and Two of the Criminal Information, the Government agreed that it would "move to dismiss the pending Indictment against [Nicholas]." (Id. at 5.)

On that same day, December 12, 2017, Nicholas appeared before the Magistrate Judge for a plea hearing. (See ECF No. 18.) He waived his right to a Rule 11 hearing before a district judge. (See ECF No. 19.) Nicholas also agreed to proceed on the Criminal Information and signed a Waiver of Indictment. (See ECF No. 20.) The Court accepted both of Nicholas's waivers and proceeded to take his pleas. (See ECF No. 18, at 1.)

2

The parties presented a Statement of Facts signed by Nicholas, his attorney, and the prosecutor, to the Court. (See ECF No. 22.) Among other things, Nicholas stipulated that on November 28, 2016, he used a firearm in furtherance of a Hobbs Act Robbery that he committed at the Kwik Mart convenience store, located at 2328 E. Washington Street in Petersburg, Virginia. (Id. at 1-2.) Nicholas also stipulated that on December 11, 2016, he used a firearm in furtherance of a Hobbs Act Robbery that he committed at the 7-Eleven convenience store located at 3301 Oak Lawn Boulevard in Hopewell, Virginia.[2] (Id. at 2-3.) Nicholas entered guilty pleas to Counts One and Two of the Criminal Information, which the Court accepted. (See ECF No. 18, at 1.)

On December 12, 2017, the Magistrate Judge entered a Report and Recommendation ("R&R"), in which he concluded that Nicholas's pleas to Counts One and Two of the Criminal Information were "knowingly and voluntarily made with full knowledge of the consequences and with an independent basis in fact to support said plea[s]." (ECF No. 24, at 3.) Neither party objected to the R&R. Thus, on January 3, 2018, the Court adopted the R&R and found Nicholas guilty of Counts One and Two of the Criminal Information. (ECF No. 25, at 1.)

---

[2] Nicholas also stipulated that he committed four additional commercial robberies in the Petersburg area between October and November of 2016. (Id. at 4-6.)

On March 28, 2018, the Court sentenced Nicholas to 60 months of incarceration on Count One, and 300 months of incarceration on Count Two, to be served consecutively.[3]  (ECF No. 38, at 2.)  The Court also dismissed the Indictment on the Government's Motion. (Id. at 1.)  Nicholas did not appeal.

Then, more than two years later, on April 16, 2020, the Court received the current § 2255 motion from Nicholas.[4]  (ECF No. 41.) In his § 2255 Motion, Nicholas claims that he is entitled to relief on the following grounds:

Claim One        "On August 17, 2017, [Nicholas] was arrested and threatened by law enforcement with natural life imprisonment if he did not admit to committing certain crimes of Hobbs Act Robbery.    After    [Nicholas's]    counsel continued to perpetuate the same threats of life, [Nicholas] blindly followed counsel's advice and signed a Plea Agreement tendered to him by his attorney with the guarantee that he would not receive life."  (Id. at 1.)

---

[3] Pursuant to the Plea Agreement, the parties agreed to recommend jointly that this sentence was "an appropriate disposition of this case."  (See ECF No. 21, at 2.)

[4] The Court deems the § 2255 Motion filed as of this date. See Houston v. Lack, 487 U.S. 266, 276 (1988).   Ordinarily a petitioner is entitled to a "filed" date of when he swears that he placed his § 2255 motion in the prison mailbox for mailing to the court.  See id.  However, Nicholas did not use the standard form for filing a § 2255 motion, and he did not otherwise include this information.  Further, the post-mark on the envelope he used to mail his § 2255 Motion is illegible.  (See ECF No. 41-1, at 1.) Thus, the Court must use the date that the § 2255 motion was received as the date of filing.  Even if the Court were to deem the § 2255 Motion filed as of April 13, 2020, the date that Nicholas appears to have signed his § 2255 Motion, as discussed below, it would nevertheless be untimely.

Claim Two          "On December 12, 2017, [Nicholas's] counsel
                   filed a waiver of indictment, waiver or right
                   to Rule 11, after a criminal information was
                   filed the day before.   [Nicholas] was never
                   notified, nor did he provide consent to
                   counsel to execute such a waiver of his Fifth
                   Amendment right to an indictment by a grand
                   jury."    (Id. at 2 (internal citations
                   omitted).)

Claim Three        "[C]ounsel allowed the Government to
                   constructively amend the Indictment to an
                   Information containing two stacked counts of
                   § 924(c) carrying an[] erroneous mandatory
                   minimum with no predicate offenses underlying
                   the 924(c)'s.  No Hobbs Act robbery elements
                   are contained in the information to base the
                   924(c) on."  (Id.)

As discussed below, Nicholas's § 2255 Motion is barred by the
relevant statute of limitations.

## II.    STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty
Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year
period of limitation for the filing of a § 2255 Motion.
Specifically, 28 U.S.C. § 2255(f) now reads:

(f) A 1-year period of limitation shall apply to a
    motion under this section.  The limitation period
    shall run from the latest of—

    (1) the date on which the judgment of
        conviction becomes final;

    (2) the date on which the impediment to
        making a motion created by governmental
        action in violation of the Constitution
        or laws of the United States is removed,
        if the movant was prevented from making
        a motion by such governmental action;

5

    **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**A. Running Of The Statute Of Limitations**

Because Nicholas did not appeal, his conviction became final, under 28 U.S.C. § 2255(f)(1), on Wednesday, April 11, 2018.  See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. (4)(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment).  Thus, Nicholas had until Thursday, April 11, 2019, to file any motion under 28 U.S.C. § 2255.  Because Nicholas did not submit his § 2255 Motion until April 16, 2020, more than a year after his time for doing so had expired, it is untimely pursuant to 28 U.S.C. § 2255(f)(1).[5]

Therefore, the § 2255 Motion is barred by the statute of limitations, unless Nicholas demonstrates a viable basis for a

---

[5] Nicholas concedes that he "did not file [his] § 2255 within the prescribed 1 year deadline."  (ECF No. 41, at 1.)

belated commencement of the limitation period under 28 U.S.C.
§ 2255(f)(2)–(4) or an equitable basis for avoiding the limitation
period.  Nicholas has offered several reasons why he believes the
Court should excuse, what he describes as, the procedural default
of his claims.  (See ECF No. 41, at 2.)  The Court liberally
construes these statements to be a request for the Court to apply
the doctrine of equitable tolling to allow Nicholas to avoid the
limitations period.[6]

_____

[6] Nicholas does not allege an entitlement to, and the Court
can discern no basis for, a belated commencement of the statute of
limitations under 28 U.S.C. § 2255(f)(2)–(4).  The Court notes
that in his § 2255 Motion, Nicholas does make passing references
to United States v. Davis, 139 S. Ct. 2319 (2019).  (See ECF
No. 41, at 2–3.)  In Davis, the Supreme Court struck down
§ 924(c)'s residual clause, § 924(c)(3)(B), as unconstitutionally
vague. 139 S. Ct. at 2336.  Had Nicholas made a clear and specific
claim under Davis, he may have been entitled to a belated
commencement of the statute of limitations under 28 U.S.C.
§ 2255(f)(3).  However, Nicholas does not raise a specific Davis
claim.  (See ECF No. 41, at 2 (indicating that Nicholas became
aware of the facts underlying Claim One "while reviewing his papers
for a potential claim under United States v. Davis").)  Further,
even if Nicholas had raised a Davis claim, it would ultimately
lack merit.  Counts One and Two of the Criminal Information allege
completed Hobbs Act robberies as the underlying predicate
offenses.  (See ECF No. 17, at 1).  Nicholas stipulated that he
committed these completed Hobbs Act robberies in the Statement of
Fact.  (See ECF No. 22, at 1–3.)  A completed "Hobbs Act robbery
constitutes a crime of violence under the force clause at
§ 924(c)(3)(A)," thus, it remains a valid predicate offense for a
§ 924(c) conviction, Davis notwithstanding.  See United States v.
Mathis, 932 F.3d 242, 266 (4th Cir. 2019).  In any event, Nicholas
has failed to demonstrate an entitlement to a belated commencement
of the statute of limitations whether based on Davis, or otherwise.

B.  **Equitable Tolling**

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645–46 (2010).  The Supreme Court has "made clear that a [movant] is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test.  Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).  To make the requisite showing of diligence, the petitioner "must allege with specificity the steps he took to diligently pursue his federal claims."  Id. at 929–30 (emphasis added).

Nicholas states that he "was never made aware of the 1 year [statute of limitations filing] deadline because he never filed an appeal and had no appellate counsel to put him on notice of § 2255(f)."  (ECF No. 41, at 2.)  He also vaguely alleges that, while incarcerated, he has dealt with "excessive lockdowns, placement in the special housing unit, and, therefore, extremely minimal access to the electronic law library where he could research statutes and applicable case law."  (Id.)  Nicholas's allegations are imprecise, lack supporting factual details, and

fail to demonstrate that tolling the limitations period is warranted. See San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) (citations omitted) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling.").

It is well established that neither lack of counsel, nor ignorance of the law, provide a basis for equitable tolling of the limitation period. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)). Therefore, Nicholas's statement that he did not know about the statute of limitations because he did not have an appellate attorney to advise him about it is of no consequence.

Further, routine aspects of prison life, such as "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances" that would warrant equitable tolling. Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) (alteration in original) (footnote omitted) (quoting Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Thus, Nicholas's vague statements concerning lockdowns and time spent in the special housing unit do little to tip the scales in his favor. Cf. United States v.

Harris, No. 3:15cr170(DJN), 2021 WL 1823109, at *2-4 (E.D. Va. May 6, 2021) (rejecting petitioner's vague and conclusory arguments that "a transfer between facilities, limited access to his personal property, limited access to the law library and being housed in a Special Housing Unit ("SHU") stymied [petitioner's] ability to file his § 2255 Motion on time").

More importantly, Nicholas fails to state with specificity how any of the conditions complained of prevented him from filing his § 2255 Motion on time. See Mayes v. Province, 376 F. App'x 815, 816-17 (10th Cir. 2010) (citations omitted) (holding that an inmate must explain with specificity how the alleged conditions actually hindered his efforts to pursue his claims within the statute of limitations). Nicholas does not specify how additional time in the library would have facilitated the timely filing of his Motion. See Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) (observing that there is no "abstract, freestanding right to a law library or legal assistance" (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996))). Indeed, Nicholas does not allege that he was prevented from conducting any particular research or denied access to any specific information, much less demonstrate that his alleged inadequate access to the law library amounted to a full-blown violation of right to access to the courts. Cf. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) (holding that an inmate must "explain why the documents [in question] were necessary to pursue

his federal claim" (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Marsh, 223 F.3d at 1220)).

"Simply put, [Nicholas] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." O'Neill v. Dir., Va. Dep't of Corr., No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Thus, Nicholas fails to demonstrate an entitlement to an equitable tolling of the limitations period.

## C.   Actual Innocence

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383. 386 (2013).   To establish actual innocence, a petitioner must demonstrate his "factual innocence, not mere legal insufficiency of his conviction." Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citation omitted); United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1992) (indicating that a petitioner must establish "actual factual innocence").

Nicholas maintains that he is "actually innocent" of Counts One and Two of the Criminal Information "because he never authorized the waiver of his [right to be tried on an indictment from a] grand jury," and because Counts One and Two of the Criminal Information contain "no charged predicate offenses." (ECF No. 41,

at 1, 3.)  Nicholas's claims of actual innocence are nonsensical and completely untethered to reality.

First, Counts One and Two of the Criminal Information very clearly allege two distinct completed Hobbs Act robberies that took place on two separate dates as underlying predicate offenses. (See ECF No. 17, at 1).  Moreover, Nicholas stipulated that he committed these completed Hobbs Act robberies in the Statement of Fact.  (See ECF No. 22, at 1-3.)  Thus, in this regard, Nicholas has done nothing to establish his "actual factual innocence" of Counts One and Two.  Mikalajunas, 186 F.3d at 494.

Second, Nicholas's statement that he "never authorized the waiver of his [right to be tried on an indictment from a] grand jury" (see ECF No. 41, at 3) is patently false.  Nicholas signed a document entitled "WAIVER OF INDICTMENT," in which he stated:

> I, Vince Edward Nicholas, the above named defendant, who is accused of violations of Title 18 United States Code, § 924(C) being advised of the nature of the charge, the proposed Criminal Information, and of my rights, hereby waive in open court on December 12, 2017, prosecution by Indictment and consent that the proceeding may be by Criminal Information rather than indictment.

(ECF No. 20, at 1.)  Further, at around the time Nicholas executed this "WAIVER OF INDICTMENT," the Court conducted a Rule 11 hearing to ensure that he understood the rights he was waiving.  (ECF No. 43, at 4-6.)  The Court explained to Nicholas the difference between a criminal information and an indictment and told him that he had a right to be charged by an indictment, if he so desired.

(Id. at 4-5.) The Court specifically reviewed the "WAIVER OF INDICTMENT" with Nicholas and confirmed that he had reviewed it with his attorney before he signed it. (Id. at 5.) Nicholas confirmed that he understood "everything contained in the form," and that no one had threatened him or made promises to him to induce him to give up his right to an indictment. (Id. at 5-6.) Thus, Nicholas cannot credibly claim that he "never authorized" the waiver of his right to an indictment by a grand jury.

In any event, Nicholas is not entitled to avoid the statute of limitations based on his theory of actual innocence because he merely (and erroneously) challenges the legal sufficiency of his convictions and has failed to allege, much less demonstrate his "factual innocence." Bousley, 523 U.S. at 623-24 (citation omitted); Mikalajunas, 186 F.3d at 494. Accordingly, the § 2255 is barred by the statute of limitations and will be denied.

## III. CONCLUSION

For the foregoing reasons, the § 2255 Motion (ECF No. 41) will be denied. The action will be dismissed.

An appeal may not be taken from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could

13

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 & n.4 (1983)). Nicholas has not met this standard. Thus, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Nicholas and counsel for the Government.

It is so ordered.

                                        /s/

                          Robert E. Payne
                          Senior United States District Judge

Richmond, Virginia
Date: February 23, 2023
      March

14